FIRST UNION NATIONAL BANK OF NORTH CAROLINA, EXECU-TOR OF THE ESTATE OF WILLIAM STAFFORD FOSTER, SR., PETITIONER v. HAZEL HOWARD FOSTER; WILLIAM STAFFORD FOSTER, JR.; SUSAN GAYLE FOSTER; WILLIAM STAFFORD FOSTER III; MARGARET JOAN FOSTER YOUNG; LAURA LATANE STEVENS; PAUL STEVENS II; MARTHA JEAN FOS-TER NUCKLES; RONALD CLIFTON NUCKLES, JR.; ELIZA-BETH ANN NUCKLES; DAVID ALLEN NUCKLES; MARTHA JEAN NUCKLES; THE UNBORN ISSUE OF ANY OF THE ABOVE NAMED PERSONS OTHER THAN HAZEL HOWARD FOSTER; THE GOVERNING BODY OF THE DAVIS STREET METHODIST CHURCH; THE TRUSTEES OF NORTH CAROLINA STATE UNIVERSITY; AND STEVENS COLLEGE, COLUMBIA, MISSOURI, RESPONDENTS

No. 7415SC978

(Filed 16 April 1975)

Trusts § 10; Wills § 60— renunciation of trust benefits — acceleration of distribution

Where testator's will established a marital deduction trust and a residuary trust, authorized trustee to make expenditures from the residuary trust income and principal for emergencies of the widow, required the residuary trust estate to be divided into shares for his children as of the date of testator's death, and provided for distribu-tion of the residuary trust principal after the widow's death by pay-ment of portions of each child's share to such child when it attained the ages of 35, 40 and 45, the provisions for the widow in the residuary trust were solely for her benefit and were not intended as another method of delaying the time when the children could take free of the trust, and the widow could properly renounce the gift in the residuary trust and accelerate distribution of the residuary trust principal to the children.

APPEAL by respondent, guardian ad litem for minor and unborn issue of William Stafford Foster, Jr., Margaret Joan Foster Young and Martha Jean Foster Nuckles from *Wells, Judge.* Judgment entered 14 August 1974 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 11 February 1975.

This proceeding was started by the executor of the will of William Stafford Foster, Sr. under the Declaratory Judgment Act to resolve questions that had arisen concerning interpretation of the will and administration of the estate.

Pertinent stipulations are as follows:

"III. Testator left a substantial estate (total gross estate of $3,267,831.22 as per United States Estate Tax Return Exhibit) to be administered in accordance with his will, which established a 'marital deduction trust' and a 'residuary trust' after certain specific gifts and bequests and payment of administration expenses.

IV. The first of these trusts, as set forth in Paragraph VII of decedent's will, was titled the 'marital trust,' and was created for the maintenance and support of Hazel Howard Foster, widow of the testator. Pursuant to the provisions of this trust, the trustee was to make periodic payments of the trust income to her. Furthermore, the trustee was empowered to make payments from the principal of the trust as it determined necessary in its discretion for the health, maintenance and support of testator's wife; and Hazel Howard Foster was given the absolute non-cumulative right each year to draw not more than five thousand dollars from the principal of this trust. In addition, she was granted during her life 'the power to appoint or give to or for the benefit of our heirs so much of the corpus of the marital trust as in her sole discretion she may direct. . . ' In the last provision of the 'marital trust,' the widow was granted the 'general power of appointment' over this trust principal, which was to be exercised at the time of her death; however, if she failed to effectively exercise such power, in whole or in part, the part not disposed of by said power was to pass as a part of the remainder of William S. Foster's Residuary Estate and be disposed of in accordance with the provisions of Article IX of his will, as if he had died on the date of his wife's death.

V. The second trust established by the will, as designated in paragraph IX, was referred to as 'residuary trust'. It is the provisions of this trust with which the specific issues before the court primarily relate.

VI. In Paragraph IX of decedent's will, the trustee was authorized, during the continuance of testator's wife's life, to use so much of the income and principal of the trust estate as in its (trustee's) absolute discretion was necessary to provide for the education, support and maintenance of such of his issue who survived him, after taking into consideration such issues' other means of support and sources of income. *He further provided that the trustee was authorized, in its discretion, to make expenditures from the income or principal of the Residuary Trust Estate in order to take care of any emergency or emergencies affecting the life, health or reputation of his wife or any of his issue before the wife's death.* (Emphasis added.)

VII. The terms and provisions of Article X of the will relating to the 'residuary trust' are as follows:

'Effective as of my death, the residuary trust estate or [sic] my estate, shall be divided into as many shares as there are children of myself then surviving, plus a share for the issue then surviving of each deceased child, all such shares to be equal and to be held and disposed of as follows:

(a) I give to each of my children who is 45 years old, or older, at the effective division date (defined later in this Article as 'the date of my death or the death of my wife, whichever is last'), one share.'

VIII. As to his children under 45 years of age at the effective division date, the trustee was given one share for such child, to use so much of the income and principal as it (trustee) considered necessary for support and maintenance of such child, after considering such child's other means of support and sources of income. The principal of such child's share was to be delivered to that child as follows: one-third at age 35, one-half of the balance at age 40, and the balance at age 45. If any of his children died before the 'said effective division date' leaving issue surviving at 'said effective division date,' one share was given to the issue of each such deceased child, each such share to be

divided, *per stirpes*, among such issue of such deceased child.

IX. As to any of his children not 45 at 'said effective division date,' who died after said 'effective date' but before that child's trust was terminated, that child's trust share was to be divided to his surviving issue, but if none of his issue survive, his trust share was to be divided in equal shares, *per stirpes*, among testator's other surviving children and the surviving issue of any deceased child subject to the trust.

X. As to any grandchildren under the age of 21 who should take by virtue of any provision of this trust, the trustee was to hold that share until such issue attained age 21, using so much of the income and principal as, in the trustee's discretion, was necessary for such issue's support, maintenance and education, after taking into consideration such issue's other means of support and sources of income.

XI. The testator further provided in Article X of his will that if all his children and their issue should have died before the 'effective division date,' the assets of the residuary trust were to be distributed to certain charitable institutions.

XII. The widow, Hazel Howard Foster, signed an agreement dated May 19, 1972, to which William Stafford Foster, Jr., Margaret Joan Foster Young, Martha Jean Foster Nuckles and the petitioner, First Union National Bank of North Carolina, were parties. It is alleged that Mrs. Foster by this document purports to waive or renounce all of her interest in the residuary trust. The three children of the testator, each having attained age 40, have called upon the executor to distribute to them two-thirds of their respective alleged interest in the residuary trust principal."

The following paragraph appears in the agreement signed by the widow:

" 'Mrs. Foster hereby waives any right, title, property and interest which she may have in and to the principal and income of the residuary trust or trusts established under paragraph IX of the Will of W. S. Foster, Sr. for the

benefit of his children to the end that she shall retain no right thereunder which would in anywise delay distribution thereof to said children if otherwise authorized by law.' "

All of testator's three children are now living and are over 40. He is also survived by his widow and several grandchildren.

In essence, the purpose of the action is to determine whether the widow's renunciation was effective, and if so, whether the children can take two-thirds of their shares now or must wait until the death of the widow. The court made extensive findings of fact and conclusions of law, the upshot of which is that testator's children can take two-thirds of their shares of the trust immediately.

The guardian ad litem for the grandchildren, born and unborn, appealed.

*Allen, Allen & Bateman, by Louis C. Allen, Jr., and J. Kent Washburn, for petitioner appellee.*

*Norman B. Smith, for respondent appellees Margaret Joan Foster Young and Martha Jean Foster Nuckles, and Smith, Moore, Smith, Schell & Hunter, by Ben F. Tennille, for respondent appellee William Stafford Foster, Jr.*

*Sanders, Holt, Spencer & Longest, by Frank A. Longest, Jr., for respondent appellant.*

VAUGHN, Judge.

Since few wills are alike, neither further reproduction here of the lengthy document in question nor a recital of the familiar rules of construction would provide substantial guidance in future cases.

It appears testator intended that each child's share of the "residuary trust" should vest at testator's death with only the right to distribution and full enjoyment being postponed until their attainment of ages 35, 40 and 45.

The question seems to be whether the provisions in the "residuary trust" for the widow were solely for her benefit or were also intended to be another method of delaying the time when the children could take free of the trust. The latter possibility is highly unlikely in view of the uncertainty of how long

the widow, or anyone else, might live and the certainty of the method which testator expressly employed to delay distribution until the children attained the specified ages. The provisions were solely for the benefit of the widow.

The provisions for the widow in the "residuary trust" constitute a gift entirely separate from that given her under the "marital trust." The widow could properly renounce or decline the gift in the "residuary trust" and the document she executed is sufficient for that purpose. Consideration of the entire will leads us to the conclusion that acceleration of the distribution of the children's interest in the "residuary trust" will not be contrary to the intentions of the testator. The judgment is affirmed.

Affirmed.

Judges MARTIN and ARNOLD concur.